UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN WILLIAM WALLACE,

    Plaintiff,

v.      Case No: 2:14-cv-150-FtM-29DNF

KOUSAY SAM ASKAR, personally and severally, THE SEMINOLE TRIBE OF FLORIDA, EVANS ENERGY PARTNERS, LLC, and JANE AND JOHN DOES, 1-100,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on a jurisdictional review of the "Claim", construed as a Complaint[1] (Doc. #1) and filed on March 17, 2014.  See Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).  Plaintiff does not provide "a short and plain statement of the grounds for the court's jurisdiction".  Fed. R. Civ. P. 8(a)(1).  Therefore, the Court

---

[1] "A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.

will consider the possible bases for subject-matter jurisdiction. See Ashcroft v. Iqbal, 556 U.S. 662, 671, 129 S. Ct. 1937, 1945, 173 L. Ed. 2d 868 (2009)("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.")(citations omitted); Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006)("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

**Federal Question**

Plaintiff seeks damages for fraud, constructive fraud, conspiracy, breach of contract, and intentional infliction of emotional distress. These causes of action do not present a federal question as none of the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, naming The Seminole Tribe of Florida[2] does

---

[2] In any event, it is not clear that plaintiff could bring suit against the Seminole Tribe because the Seminole Tribe of Florida is "a federally-recognized Native American tribe", see Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1284 (11th Cir. 2001). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). "Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." Okla. Tax Comm'n v.

2

not create a federal question.  "[F]ederal question jurisdiction does not exist merely because an Indian tribe is a party or the case involves a contract with an Indian tribe, [ ] a plaintiff's complaint still must "claim a right to recover under the Constitution and laws of the United States." Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1273 (11th Cir. 2010)(internal citation and quotation marks omitted).  Therefore, the Court will consider whether plaintiff has presented an alternative basis for jurisdiction.

**Diversity of Citizenship**

The Court also has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States. . . ." 28 U.S.C. § 1332(a)(1).  This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that he was to be reimbursed for expenses and meals in the amount of $500 a month and paid 10% of gross profit from fuel contracts.  (Doc. #1, ¶¶ 10-14, 28.)  Plaintiff

---

Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 509 (1991) (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)).

alleges that he obtained over 20 contracts by Affidavit. (Doc. #1-1, ¶ 15.) In plaintiff's "Summary", he seeks $20,000 in damages. (Doc. #1, ¶ 37.) This amount is clearly below the $75,000 amount in controversy threshold.

Plaintiff alleges that he is a "non resident national, political status under the laws of the United States and State of Florida." (Doc. #1, ¶ 1.) Plaintiff further alleges that defendant Kousay Sam Askar, "an individual and a citizen of the United States," may be served with process in Naples, Florida. (Id., ¶ 2.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly identify his citizenship, or adequately allege the citizenship of the

4

individually named defendant. Therefore, no diversity of jurisdiction is alleged.

Plaintiff also names Jane and John Does, 1-100, but does not indicate where they may be domiciled. "[A] federal court may decline jurisdiction where a person originally named as a fictitious defendant was an actual person known to both plaintiffs and defendants and was known to be a resident of the same state as plaintiffs." Brown v. TranSouth Fin. Corp., 897 F. Supp. 1398, 1401 (M.D. Ala. 1995)(citations omitted). The Court is not aware of plaintiff's state of citizenship or residency, and therefore the Court cannot determine if the Doe defendants should be considered.

Plaintiff names Evans Energy Partners LLC, a Delaware foreign limited liability corporation incorporated under the laws of the State of Florida. (Doc. #1, ¶ 4.) Plaintiff does not identify any members, or the citizenship of the individual members of the limited liability company, and a limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Therefore, the Court cannot determine whether diversity of jurisdiction is present.

Finding no other basis for subject-matter jurisdiction, the Complaint will be dismissed. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant

5

to 28 U.S.C. § 1653 by filing an Amended Complaint, if he is able to do so.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order. **If plaintiff fails to file an Amended Complaint stating subject-matter jurisdiction, the case will be closed.**

2. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) is **taken under advisement** pending review of an Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff

6