UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN WILLIAM WALLACE,

    Plaintiff,

v.                                    Case No: 2:14-cv-150-FtM-29DNF

KOUSAY SAM ASKAR, personally and severally, THE SEMINOLE TRIBE OF FLORIDA, EVANS ENERGY PARTNERS, LLC, and JANE AND JOHN DOES, 1-100,

    Defendants.

## ORDER OF DISMISSAL

This matter comes before the Court on review of the Amended Complaint (Doc. #5) filed on March 26, 2014.[1] On March 20, 2014, the Court dismissed the original "Complaint" for lack of subject-matter jurisdiction with leave to file an Amended Complaint. (Doc. #4.) Plaintiff has now filed an Amended Complaint with an additional paragraph to assert a basis for jurisdiction.

Plaintiff asserts that jurisdiction is present under 18 U.S.C. § 1001, equitable relief is sought under Title 42 of the United States Code, and the amount in controversy exceeds $75,000. (Doc. #5, ¶ 5.)

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Title 18, United States Code, Section 1001 addresses criminal fraud and concealment from a government agency with respect to matters within the jurisdiction of the three branches of the federal government. 18 U.S.C. § 1001. Section 1001 does not provide a basis for a civil, private cause of action. Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960)[2] ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."); United States v. Lawson, 809 F.2d 1514, 1517 (11th Cir. 1987) ("To make any false or fraudulent statement in any matter within the jurisdiction of a federal agency is a federal crime under 18 U.S.C. § 1001."). Since plaintiff is not authorized to bring a civil action under a criminal statute, or a criminal action on behalf of the United States of America, and no fraud or concealment from a government agency is alleged, the Court finds that plaintiff cannot assert federal jurisdiction on this basis.

To the extent that plaintiff is asserting a diversity of jurisdiction as a basis for jurisdiction, the Amended Complaint still fails to sufficiently state the citizenship of the parties, see Doc. #5, ¶¶ 1-4, and even with the requested damages increased

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

to include an additional $100,000, id., ¶ 37, the Court finds no diversity of jurisdiction presented under 28 U.S.C. § 1332(a).  It is unclear how any relief sought falls under Title 42, and plaintiff's causes of action do not fall under any federal statute.

The Court finds that plaintiff has not alleged federal jurisdiction after being provided one opportunity to do so. Therefore, the Amended Complaint will be dismissed without prejudice to filing in state court, and the case will be closed.

Accordingly, it is now

**ORDERED:**

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) is **denied** as the Court finds no plausible basis for subject-matter jurisdiction.

2. The Amended Complaint (Doc. #5) is dismissed without prejudice for lack of subject-matter jurisdiction.  Finding that plaintiff is unable to establish subject-matter jurisdiction, the Clerk shall terminate all pending motions and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of March, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Plaintiff